UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANTONIO BISHOP,**

    **Plaintiff,**

  v.                                     Civil Action 2:22-cv-293
                                          Chief Judge Algenon L. Marbley
                                          Magistrate Judge Chelsey M. Vascura

**ANNETTE CHAMBERS SMITH,** *et al.***,**

    **Defendants.**

**ORDER and REPORT AND RECOMMENDATION**

    Plaintiff, Antonio Bishop, an Ohio inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against several officials of the Belmont Correctional Institution ("BCI") as well as the Director of the Ohio Department of Rehabilitation and Correction ("ODRC") (collectively, "Defendants"), alleging that he was improperly placed in segregated housing in violation of his constitutional rights. (Compl., ECF No. 1-1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF Nos. 1, 3.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $0.00 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A539666) at Mansfield Correctional Institution ("MCI") is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and

the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have

4

to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

At all relevant times, Plaintiff was incarcerated at BCI. Plaintiff alleges that he was placed in segregated housing on February 24, 2020, as a result of a false allegation that he committed a Prison Rape Elimination Act ("PREA") offense. (Compl. 5, ECF No. 1-1.) Plaintiff contends that he filed an informal complaint and grievance, after which Defendant Inspector Lindsey ordered that he be released from segregation on March 6, 2020, because the results of the PREA investigation were inconclusive. (*Id.* at 5–6.) However, Plaintiff was not released from segregation until June 11, 2020. (*Id.* at 6.) While still in segregated housing on April 9, 2020, Plaintiff "went crazy because [he] knew [he] was not suppose[d] to be in seg[regation]" and "threw urine in a staff member's face." (*Id.*) As a result of the April 9, 2020 incident, Plaintiff allegedly received an extra year on his sentence and his security status was raised to level 3. (*Id.* at 7.) Plaintiff alleges that, as a result of his increased security status, he was assaulted by an unspecified individual, forced to sleep on the floor, received increased medication for his mental health, and was denied the chance to attend the funerals of his mother and sister. (*Id.* at 7–8.) Plaintiff sues each of the Defendants in their individual and official capacities and seeks compensatory and punitive damages as well as declaratory and injunctive relief. (*Id.* at 2, 4, 8.)

The undersigned construes Plaintiff's allegations that he was improperly placed in segregated housing as seeking to advance claims for violation his Fourteenth Amendment procedural due process right and Eighth Amendment right to be free from cruel and unusual punishment. The undersigned will consider these claims in turn.

Plaintiff has failed to plausibly allege a due process claim. More specifically, Plaintiff's allegations are insufficient to implicate federal due process concerns because he has not alleged

5

that his assignment to segregated housing amounted to a deprivation of a constitutionally protected interest. "[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "An inmate establishes a liberty interest when a change in conditions of confinement 'imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.'" *Williams v. Lindamood*, 526 F. App'x 559, 562 (6th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "[A]n increase in security classification . . . does not constitute an 'atypical and significant' hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin–Bey*, 420 F.3d at 577 (internal quotation marks and citation omitted); *see also Moody v. Daggett*, 429 U.S. 79, 88 n.9 (1976) (change in "prisoner classification" does not implicate a due process right); *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that neither "punishment of more than 60 days of punitive segregation" nor a change in security classification "give rise to a protected Fourteenth Amendment Liberty interest"); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (holding that inmate's placement in disciplinary confinement or a change in security classification or housing assignment did not implicate the Due Process Clause). Courts in this District have expressly held that assignment to extended restrictive housing, ODRC's most restrictive security level, does not implicate a due process liberty interest. *See Cook v. Davis*, No. 1:19-CV-624, 2019 WL 4564741, at *4 (S.D. Ohio Sept. 20, 2019); *Wheeler v. Pickaway Corr. Inst.*, No. 2:19-CV-3512, 2019 WL 4744781, at *4 (S.D. Ohio Sept. 30, 2019); *Hairston v. Smith*, No. 2:18-CV-826, 2018

6

WL 4599905, at *4 (S.D. Ohio Sept. 25, 2018), *report and recommendation adopted*, 2018 WL 5268747 (S.D. Ohio Oct. 23, 2018).

Here, Plaintiff has not alleged that his placement in segregated housing resulted in any atypical and significant hardship in relation to the ordinary incidents of prison life. Because Plaintiff does not have a constitutional right to a particular security level or housing assignment, it is **RECOMMENDED** that Plaintiff's Fourteenth Amendment due process claim be **DISMISSED.**

Similarly, placement in segregated housing is insufficient to constitute an Eighth Amendment violation. "To move beyond the pleading stage in this setting, an inmate must allege that he has been deprived 'of the minimal civilized measure of life's necessities.'" *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). "Alleging that prison conditions 'are restrictive and even harsh' does not suffice because such conditions 'are part of the penalty that criminal offenders pay for their offenses against society.'" *Id.*; *see also Hudson v. McMillian,* 503 U.S. 1, 9 (1992) ("[E]xtreme deprivations are required to make out a conditions-of-confinement claim [under the Eighth Amendment]. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal quotation marks and citations omitted). It follows that, "[b]ecause placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim." *Murray v. Unknown Evert,* 84 F. App'x 553, 556 (6th Cir. 2003). Accordingly, "[t]he mere fact that [Plaintiff] was placed in detention, with nothing more, is insufficient to state an Eighth Amendment claim." *Id.* Because

7

Plaintiff has not pleaded any injury beyond placement in segregated housing, it is **RECOMMENDED** that Plaintiff's Eighth Amendment claim be **DISMISSED.**

### III. DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (ECF Nos. 1, 3) is **GRANTED**. In addition, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE